



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/6/2019

www.seyfarth.com

December 6, 2019

**VIA ECF**
The Honorable Analisa Torres, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007
Email: *Torres_NYSDChambers@nysd.uscourts.gov*

**Re: *Sherry Grimes-Jenkins v. Consolidated Edison of New York, Inc.* Civil Action No. 16-cv-04897(AT)(RWL) Related Case: *Sherry Grimes-Jenkins v. Consolidated Edison Company of New York, Inc. & Sean Green*; Civil Action No. 18-cv-01545(AT)(RWL)**

Dear Judge Torres:

This firm represents Defendant Consolidated Edison Company of New York, Inc. ("Con Edison") in the above-referenced matter. Together with Plaintiff's Counsel, we write in accordance with Rule I.C of your Honor's Individual Rules of Practice to: (i) request a brief extension of the deadline to submit a letter requesting a pre-motion conference for Con Edison's anticipated motion for summary judgment under FRCP 56; and (ii) to set a schedule for the parties' exchange of Rule 56.1 Statements pursuant to Rule III.A of Your Honor's Individual Rules of Practice.

The current deadline for all discovery in this matter is December 13, 2019, based on Magistrate Judge Robert W. Lehrburger's extension of the deadline for the parties to complete expert discovery in the above-referenced action. (ECF No. 92.) Because Con Edison intends to move for summary judgment in this action, pursuant to Your Honor's Individual Rule III.A. and the Amended Civil Case Management Plan and Scheduling Order (ECF No. 92), Con Edison's letter request for a pre-motion conference letter must filed by December 13, 2019. Before filing the pre-motion conference letter, Your Honor's Rules require that Con Edison first serve Plaintiff with its proposed Rule 56.1 Statement of Facts in support of its motion for summary judgment and then to give Plaintiff an opportunity to prepare and serve Con Edison with a Counter-Statement to Con Edison's 56.1 Statement of Facts. Only after receiving Plaintiff's Counter-Statement to Con Edison's 56.1 Statement of Facts may Con Edison file its pre-motion conference letter. There is no set schedule for the parties' 56.1 Statement exchange.

The parties have met and conferred regarding Con Edison's forthcoming pre-motion conference letter and believe that additional time is needed to complete the anticipated exchange of 56.1 Statements. A brief extension is necessary for two reasons. First, Plaintiff's Counsel (both attorneys of record for Plaintiff) has been and continues to be unavailable through December 13, 2019 due to their preparations for and participation in a jury trial pending before the New York State Supreme Court, Westchester County (Index No. 54643/2018), which





commenced on December 2, 2019. As a result, Plaintiff's Counsel is unable to provide a Counter-Statement to Con Edison's 56.1 Statement to complete Con Edison's pre-motion conference letter submission by the current deadline. Second, the parties also are devoting much of their remaining resources and attention towards completing expert discovery, which includes the exchange of extensive expert reports and potential depositions of identified experts by December 13, 2019. As a result, the parties require additional time to complete the necessary submissions associated with Con Edison's pre-motion conference letter.

Accordingly, the parties respectfully propose the following schedule for the exchange of Rule 56.1 Statements and submission of pre-motion conference letters before Your Honor, which we believe gives all parties sufficient time to prepare their respective submissions to the Court:

- **January 17, 2020**: Con Edison will serve Plaintiff with its Rule 56.1 Statement.
- **February 7, 2020**: Plaintiff will serve Con Edison with her Rule 56.1 Counter-Statement.
- **February 21, 2020**: Con Edison will file its pre-motion conference letter.
- **February 28, 2020**: Plaintiff will file her opposition to Con Edison's pre-motion conference letter.

If granted, no other deadlines will be effected because the parties will have completed pending pre-trial discovery in this action. Further, there are no other applicable deadlines in the related action-referenced above as it was dismissed with prejudice (Related Case ECF No. 37). This is the parties' first request for an extension of the pre-motion conference letter deadline, and this request is made in good faith and not for the purpose of unnecessary delay.

The parties thank you for Your Honor's kind consideration of this request.

Very truly yours,

SEYFARTH SHAW LLP

*/s/ Lorie E. Almon*

Lorie E. Almon

cc: Attorneys of Record (via ECF)

GRANTED in part, DENIED in part.

By **January 10, 2020**, Defendant shall serve Plaintiff with its Rule 56.1 statement.

By **January 24, 2020**, Plaintiff shall serve Defendant with her Rule 56.1 counter-statement.

By **January 31, 2020**, Defendant shall file its pre-motion letter.

By **February 7, 2020**, Plaintiff shall file her response.

SO ORDERED.

Dated: December 6, 2019
New York, New York

ANALISA TORRES
United States District Judge